IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANTHONY McCOY,**

    Plaintiff,

v.                                                                    Civil Action No. **3:11CV12**

**OFFICER TERRY,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff Anthony McCoy, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. McCoy contends that, while incarcerated at the Nottoway Correctional Center ("NCC"), Officer Terry used excessive force against him in violation of the Eighth Amendment.[1] Officer Terry moves for summary judgment on the ground that McCoy failed to exhaust his administrative remedies. McCoy has responded. The matter is ripe for disposition. Because McCoy did not exhaust his administrative remedies, his claim will be DISMISSED.

### I. Summary of Relevant Allegations

On December 31, 2010, Officer Terry was delivering clean laundry to McCoy's cell. Upon Officer Terry's arrival, McCoy complained to Officer Terry that prisoners in the adjacent cells were not allowing him access to a newspaper. "Later [Terry] allowed the houseman to get the newspaper from the prisoner in cell # 103 and pass it to the prisoner in cell # 101. [Terry]

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

blew me off." (Compl. 5 (spacing corrected).)[2] Feeling affronted, McCoy asked Terry to let him speak to a Sergeant.

McCoy alleges that, in response to this request, Terry "grabbed [McCoy's] clothes [and] tried to yank them from [McCoy]. [Terry] yanked back [and] forth [and] knocked [McCoy's] hand into the lock in the tray slot which took a chunk of skin off [McCoy's] thumb." (*Id.*) McCoy asserts that, by these actions, Terry violated McCoy's Eighth Amendment right to be free from cruel and unusual punishment.

## II. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n. 7 (5th Cir. 1992)); *see* Fed. R.

---

[2] The Court has corrected the capitalization in quotations to the parties' submissions.

Civ. P. 56(c)(3) ("The court need consider only cited materials, but it may consider other materials in the record.").

Officer Terry asks the Court to dismiss McCoy's claim because McCoy failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Officer Terry bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his contention, Officer Terry submits the affidavit of A. James, the Grievance Coordinator at NCC (Mem. Supp. Mot. Summ. J. Ex. 1 ("James Aff.")) and a copy of an emergency grievance submitted by McCoy on December 31, 2010 (James Aff. Enclosure A ("Emergency Grievance")). Defendants are admonished that, in the first instance, it is their responsibility to supply the Court with all necessary documents for the resolution of their motion for summary judgment.

James, in his affidavit, discusses Virginia Department of Corrections ("VDOC") Operating Procedure § 866.1 ("Operating Procedure § 866.1") at length. Officer Terry has failed, however, to produce a copy of Operating Procedure § 866.1 in support of his motion for summary judgment. Rather, Officer Terry relies on James's affidavit to convey the substance of Operating Procedure § 866.1 to the Court. McCoy has not objected to the admissibility of James's statements concerning Operating Procedure § 866.1. See Fed. R. Civ. P. 56(c)(2), 56(e)(2). The Court will take judicial notice of Operating Procedure § 866.1.[3] Operating Procedure § 866.1, *available at* http://www.vadoc.state.va.us/about/procedures/documents/800/866-1.pdf (last visited Dec. 27, 2011). The Court admonishes Defendant that, in the first

---

[3] *Perry v. Johnson*, No. 3:10CV630, 2011 WL 3359519, at *3 (E.D. Va. Aug. 3, 2011) (taking judicial notice of VDOC operating procedure); *Bowler v. Ray*, No. 7:07CV 00565, 2007 WL 4268915, at *1 (W.D. Va. Nov. 30, 2007) (same); Fed. R. Evid. 201(b)(2) (permitting judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

instance, he should provide all necessary documents for the resolution of his motion for summary judgment, especially given the regularity with which agency protocol changes.

McCoy submits only his unsworn complaint (Docket No. 1) and an unsworn, one-page letter (Docket No. 20). These unsworn documents are not admissible evidence and, thus, will not be considered. Fed. R. Civ. P. 56(c)(4). In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

### III. Summary of Pertinent Facts

#### A. VDOC's Grievance Procedure

Operating Procedure § 866.1, Inmate Grievance Procedure, is the mechanism used to resolve inmate complaints at NCC. (James Aff. ¶ 4.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (Operating Procedure § 866.1.V.A.) Generally, this requires an inmate to file an informal complaint form. (*Id.* § 866.1.V.A.1.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out a standard form. (*Id.* § 866.1.VI.A.2.)

"The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the

issue informally." (*Id.* § 866.1.V.A.2.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Emergency Grievances

"Special provisions are made for responding to situations or conditions which may subject the offender to immediate risk of serious personal injury or irreparable harm." (*Id.* § 866.1.VII.A.) If an offender believes he or she is subject to an immediate risk of serious personal injury or irreparable harm, then that offender may obtain and submit an emergency grievance. (*Id.* § 866.1.VII.B.) Staff must respond to emergency grievances within eight hours. (*Id.* § 866.1.VII.F.) "If the issue does not subject the offender to immediate risk of serious personal injury or irreparable harm, it is so indicated on the *Emergency Grievance*, signed with date and time of response by the designated staff person." (*Id.* § 866.1.VII.E.2.) "If an inmate is not satisfied with the emergency grievance response, he [or she] may proceed with the procedures for submitting formal grievance." (James Aff. ¶ 9.)

### 2. Grievance Appeals

Up to three levels of review for a regular grievance exist. (Operating Procedure § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.V.C.1.) If the offender is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the Regional Director, the Health Services Director, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she may pursue an appeal to Level III. (*Id.* § 866.1.VI.C.2.f.)

B.   McCoy's Emergency Grievance

On December 31, 2010, McCoy submitted an emergency grievance detailing the incident involving Officer Terry ("Emergency Grievance"). (James Aff. ¶ 11; Emergency Grievance.) Sergeant Pace responded to the Emergency Grievance on January 1, 2011, within the eight hour response window required by the Operating Procedure. (James Aff. ¶ 11; Emergency Grievance; Operating Procedure § 866.1.VII.F.) Sergeant Pace checked the box beside the pre-printed phrase: "Your grievance does not meet the definition for an emergency." (Emergency Grievance.) Below this pre-printed line, Sergeant Pace handwrote, "Submit an informal complaint form." (*Id.*) NCC personnel then returned the Emergency Grievance to McCoy. (James Aff. ¶ 11.) McCoy did not file an informal complaint or regular grievance relating to the incident with Officer Terry. (*Id.* ¶ 12.)

### IV. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Additionally, the Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the

agency addresses the issues on the merits.'" *Id.* (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). McCoy's emergency grievance did not qualify as a proper emergency grievance under the pertinent prison rules. Specifically, McCoy's emergency grievance did not reflect that McCoy was subject "to immediate risk of serious personal injury or irreparable harm." (Operating Procedure § 866.1.VII.E.3.) Thus, McCoy's submission of the emergency grievance did not satisfy his obligation to exhaust his administrative remedies. *See Moore v. Bennette*, 517 F.3d 717, 729–30 (4th Cir. 2008); *Wells v. Cain*, No. 7:07cv00418, 2008 WL 474125, at *2-3 (W.D. Va. Feb. 20, 2008).

McCoy did not pursue any informal or regular grievance after he filed the emergency grievance as to his claim and the time limitation now bars him from doing so. (James Aff. ¶ 12; *see* Operating Procedure § 866.1.VI.A.1 (requiring grievances to be filed within thirty days of the date of incident).) "[D]ismissal with prejudice may be appropriate 'where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.'" *McCoy v. Williams*, No. 3:10CV349, 2011 WL 5153253, at *4 (E.D. Va. Oct. 28, 2011) (*quoting Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004)). McCoy's claim falls within this criteria. Accordingly, McCoy's claim will be DISMISSED WITH PREJUDICE.

## V. Conclusion

McCoy's claims will be DISMISSED WITH PREJUDICE. Officer Terry's Motion for Summary Judgment (Docket No. 17) will be GRANTED. The action will be DISMISSED. An appropriate Order shall issue.

Date: 2/10/12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

8